GEORGE HINKLEY, APPELLANT, *v.* THE TROY AND ALBIA HORSE RAILROAD COMPANY, RESPONDENT.

*Appeal to the County Court from a justice's judgment — the right to a new trial is determined by the amount demanded in the amended, and not by that asked for in the original pleadings — Code of Civil Procedure, § 3068 — what counter-claim cannot be pleaded in an action of tort — when an amount exceeding fifty dollars claimed thereby will not justify a new trial on appeal.*

Upon the appearance of the parties to this action before a justice upon the return of the summons, the plaintiff complained for a wrongful injury done to his horse by the defendant's horse, and demanded judgment for $200.  The defendant having answered by a general denial the case was adjourned to a future day, on which the plaintiff amended his complaint and claimed to recover as damages forty-nine dollars and costs.  The defendant interposed an amended answer containing a counter-claim alleging that at the time and place mentioned in the complaint defendant, through the carelessness, recklessness and negligence of plaintiff in driving his, a vicious and unruly, horse ran into and collided with a horse

belonging to the defendant, and that the defendant sustained damage in the sum of sixty dollars, for which sum he demanded judgment. The plaintiff having recovered a judgment for forty-nine dollars, with costs, the defendant appealed to the County Court, and in the notice of appeal demanded a new trial.

*Held,* that the County Court erred in denying a motion made by the plaintiff to have the case put on the law calendar for hearing as an appeal on the law.

That as the cause of action stated in the complaint admitted of no counter-claim in tort, unless it were alleged to grow out of or was connected with the transaction set forth in the complaint as the foundation of the plaintiff's claim, which was not alleged in the answer, that the right to a new trial was to be determined by the amount demanded in the complaint, and not by the amount of the alleged counter-claim set up in the answer.

That the question was to be decided by the amount demanded in the amended complaint, and not by that demanded by the first complaint.

That even if the counter-claim were admissible it should be held to be either sham, because no evidence was offered to support it, or to be an answer upon which the defendant had voluntarily suffered default. (LANDON, J.)

APPEAL from an order of the County Court of Rensselaer county denying a motion made by the plaintiff to have this case put on the law calendar as an appeal upon questions of law.

*B. C. Strait,* for the appellant.

*Benj. E. De Groot,* for the respondent.

BOCKES, J.:

This is an appeal from an order of the County Court, denying a motion made by the plaintiff to have the case, pending in that court on appeal from a Justices' Court, put on the law calendar for hearing as an appeal on the law. The plaintiff is justified in his practice by the decision in *Harvey* v. *Van Dyke* (66 How., 396.)

The papers before the court on this appeal show the following facts, with some others unimportant to be noted: That on the return of the summons the parties appeared before the justice, when the plaintiff complained for a wrongful injury to his horse by the defendant's horse, and demanded judgment for $200. The defendant answered by general denial, thereupon an adjournment was had to a future day. On the adjourned day the plaintiff amended his complaint by some amplification of it, and claimed to recover, as damages, forty-nine dollars and costs. The defendant then interposed an amended answer, admitting its incorporation and, as

before, putting in a general denial as to all other matters charged in the complaint, and adding a counter-claim, as follows: Defendant further alleges and states, for a cause of action and claim herein, that at the time and place mentioned in the complaint herein, defendant, through the carelessness, recklessness and negligence of plaintiff, in driving his, a vicious and unruly, horse run into and collided with a horse belonging to the defendant, and that defendant thereby sustained damage in the sum of sixty dollars, for which sum it demands judgment.

The parties went to trial, on their pleadings, and the plaintiff recovered forty-nine dollars, with costs of suit. The defendant appealed to the County Court, and, in the notice of appeal, demanded a new trial in the appellate court. Thereupon, the return of the justice having been made, containing the proceedings and evidence before him, the plaintiff made a motion in the County Court to have the case put on the law calendar of that court, for hearing upon the law, on the ground that the case was not one entitling the defendant to a new trial in the appellate court, as demanded in the notice of appeal, which motion was denied.

In this ruling we are of the opinion that the County Court was in error. The right of an appellant to a new trial in the appellate court, on an appeal from justice's judgment, is made to depend on section 3068 of the Code of Civil Procedure, which provides that where an issue is joined before a justice, "and the sum for which judgment was demanded by either party in his pleading exceeds fifty dollars," the appellant may have a new trial in the appellate court, by so demanding in his notice of appeal. Now, in this case the plaintiff demanded judgment, in and by his complaint on which the trial was had, for but forty-nine dollars, as damages, and the defendant's counter-claim, on which it demanded judgment, in its favor, for sixty dollars, was .inadmissible as a counter-claim in the action. The alleged right of action stated in the plaintiff's complaint was in tort, as was also the defendant's alleged counter-claim. The complaint admitted of no counter-claim, especially not a counter-claim in tort; certainly not unless the alleged counter-claim arose out of, or was connected with, the transaction set forth in the complaint as the foundation of the plaintiff's claim. (Code Civil Pro., §§ 2945, 501, 502.) But the defendant's counter-claim

was not so pleaded. The fact was not so, as stated, *non constat*, but that the alleged counter-claim grew out of another and distinct transaction from that counted on in the complaint. Indeed, it is so pleaded, and might be sustained by proof of an entirely different occurrence. To make it admissible in any possible view of the subject, as a counter-claim in this action, the fact should have been averred that it grew out of, or was connected with, the transaction set forth in the complaint as the foundation of the plaintiff's claim. The counter-claim then being inadmissible as a pleading in the case, could not be made the basis of a demand for a new trial in the appellate court. (*Harvey* v. *Van Dyke*, 66 How., 396, and cases there cited.)

The point is taken, however, that the plaintiff, in and by his original complaint, demanded judgment for $200, and that thereby the defendant's right to demand and have a new trial in the appellate court became fixed and was secured to it, notwithstanding the amendment of the pleading thereafter made. This is put on the ground that the " issue of fact " referred to in section 3068, above cited, means and is limited to that made on the original joining of issue before the justice, to the exclusion of what may be stated and demanded in amendment of the pleadings thereafter made. This is manifestly a mistaken view of the subject. The issue joined before the justice there spoken of is the issue made before the justice for trial, and on which the trial proceeds. An amended pleading supersedes the original, takes its place, is a substitute for the original, which is no longer treated as a pleading in the action. (2 Wait's Pr., 505, and cases there cited.) It would be strange, indeed, if a superseded pleading — a pleading expunged from the record — could be allowed to influence and control a future proceeding in the action. Section 3068 defines and limits the cases in which a new trial may be had in the appellate court, and the limitation is there made to cases where an issue was joined before the justice, on pleadings wherein judgment was demanded by either party exceeding fifty dollars, in *contra-distinction* to cases where no issue had been there joined.

Now here, after the amendment was allowed and made, and on excluding the defendant's inadmissible counter-claim, there was no demand by either party for a recovery exceeding fifty dollars as

damages. The appellant was not, therefore, entitled to a new trial in the appellate court. It follows that the plaintiff's motion to have the case put on the law calendar should have been granted.

The charge of fraud and bad faith made by the parties, each against the other, in framing their respective pleadings, has no significance on the motion. What was done by them in that respect they had the legal right to do, and fraud and bad faith cannot be well asserted for doing that which the law permits to be done.

The order appealed from must be reversed and the motion below granted, with ten dollars costs of appeal and disbursements for printing, but without costs of motion.

Landon, J.:

I concur. If by a liberal construction it could be held that the alleged counter-claim was admissible, because stating a cause of action arising out of the transaction set forth in the complaint, it then should be held to be either sham, because no evidence was offered to support it, or to be an answer upon which the defendant, as appears from the like reason, voluntarily suffered default, and he should not be accorded a "new" trial upon it unless he has had a trial in the first instance, in the form appointed for the purpose. But I entirely concur upon the grounds assigned by my brother Bockes.

Learned, P. J. (dissenting):

I am still of the opinion which I expressed in *Harvey v. Van Dyke* (66 How. 396), that this appeal does not lie. An appeal to this court from an order of the County Court can only be taken in a matter affecting a substantial right.

The order appealed from denies a motion to transfer the case from the trial calendar to the law calendar. I think the County Court has control of its calendars, whether they be called law calendars or trial calendars.

When the case shall come on to be heard before the County Court, if the court shall hear new evidence, and conduct a new trial, when it ought to decide on the justice's return only ; or, if it shall refuse to hear new evidence and to have a new trial, and insist on hearing the case on the justice's return, when it ought to do the contrary, then there will be error which we can review.

But putting a cause on one calender or another is only an intimation of what the County Court thinks the rights of the parties will be when the case shall come on to be heard.

I think we should not undertake to regulate the calendars of other courts, and, indeed, that we have no jurisdiction of such matters.

Therefore, I think the appeal should be dismissed.

Order reversed, with ten dollars costs and printing disbursements, and motion below granted, without costs.

LEARNED, P. J., voting for dismissal.